**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ANTHONY DONNELL WILLIAMS, #68956**                                        **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 5:15-cv-62-KS-MTP**

**FORREST A. JOHNSON and BRADLY T. HAYES**                      **DEFENDANTS**

**<u>MEMORANDUM OPINION</u>**

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Anthony Donnell Williams, an inmate of the Mississippi Department of Corrections (MDOC), brings this pro se Complaint pursuant to 42 U.S.C. § 1983.  Williams is proceeding *in forma pauperis* in this case.  The named Defendants are: Forrest A. Johnson, Circuit Court Judge; and Bradly T. Hayes, Attorney-at-law.   The Court, having liberally construed Williams's Complaint [1] and Response [9] to the Court's Order for more information, in consideration with the applicable law, finds that this case should be dismissed.

I.      **Background**

Williams states that he was convicted of aggravated assault on a law enforcement officer in the Circuit Court of Adams County, Mississippi.  Judge Johnson sentenced Williams to serve 30 years in the custody of MDOC.  Williams complains that Judge Johnson convicted and sentenced him under the "wrong statute" or section 93-3-7 of the Mississippi Code instead of section 97-3-7.  Resp. [9] at 1.  Williams further complains that Hayes, as his court appointed counsel, committed fraud when he advised Williams to "take the 30 years under the wrong statute."  *Id.* at 2.  As relief, Williams is requesting monetary damages.[1]

---

[1]The Court previously severed Williams's habeas claims from this action.  *See* Order [11]. Therefore, the only claims before the Court are Williams's § 1983 claims for monetary damages.

II.     **Analysis**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the Court has permitted Plaintiff Williams to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915 (e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  The Court in *West* concluded that, in order to act under color of state law, the defendant in a § 1983 action must have exercised power which the defendant possessed by virtue of state law, and the exercise of that power must be made possible only because the wrongdoer is clothed with authority of state law.  *Id.* at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).

**A.  Defendant Hayes**

 Williams gives no indication that Defendant Hayes "exercised power possessed by virtue of state law and made possible only because [he] is clothed with authority of state law." *Id.* Williams's pleadings indicate that Defendant Hayes represented Williams in his criminal proceedings in the Adams County Circuit Court.   As explained by the Fifth Circuit, an attorney, including court appointed counsel, "does not act under color of state law when he 'perform[s] a

2

lawyer's traditional functions' as defense counsel in a criminal proceeding." *Hernandez-Hernandez v. Fagerberg*, 392 F. App'x 271, 272 (5th Cir. 2010) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). The Court finds that Defendant Hayes did not act under color of state law when he acted as defense counsel for Williams. Therefore, Williams fails to state a cognizable claim for relief against Defendant Hayes under § 1983. *See Cruz v. Hopper*, 73 F. App'x 62, 63 (5th Cir. 2003) (finding district court properly determined inmate's claim against court appointed defense counsel failed to state a claim under § 1983).

**B.  Defendant Johnson**

Judge Johnson, as the presiding judge for Williams's criminal case, enjoys absolute immunity from damages when performing acts within his judicial capacity. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).

In determining whether a judge acted within the scope of his judicial capacity, the court considers four factors: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Ballard v. Wall,* 413 F.3d 510, 515 (5th Cir. 2005) (citing *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)). In applying the four factors, it is clear that Judge Johnson's actions were "judicial in nature." *Id.* at 517. Likewise, there are no claims that Judge Johnson lacked jurisdiction over Williams's criminal proceedings. *See* Miss. Code Ann. § 9-7-81 (circuit court has original

jurisdiction over state felony prosecutions).  Therefore, Judge Johnson is entitled to absolute immunity from the claims presented in this suit.

      **C.  *Heck v. Humphrey***

Williams's claims regarding the validity of his criminal conviction are also subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994).  Under *Heck*, where a § 1983 claim for damages would "necessarily imply" the invalidity of a conviction, such a claim is not cognizable unless and until the plaintiff obtains a favorable resolution of a challenge to his conviction.  *Id*. at 487; *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the court were to find in Williams favor and determine that his criminal conviction is unconstitutional, it would necessarily imply the invalidity of his current term of imprisonment. Williams fails to demonstrate that his criminal conviction has been invalidated by any of the means set forth in *Heck*.  Therefore, Williams's claims for monetary damages are barred by *Heck v. Humphrey*.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (holding claims dismissed under *Heck* are properly "dismissed with prejudice . . . until the *Heck* conditions are met").

Lastly, the Court determines that any possible state-law claims Williams may be asserting will be dismissed without prejudice.  *See* 28 U.S.C. § 1367(c)(3) (supplemental jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction").

## III.  Conclusion

The Court has considered the pleadings and applicable law.  For the reasons stated, this civil action is dismissed as frivolous, for failure to state a claim, and as seeking relief against a

defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B).  This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(g).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 18th  day of November, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE